```
01
02
03
04
05
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| LAZARO NICIA, | ) | |
|---|---|---|
| | ) | CASE NO. C13-0092-RSM-MAT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ICE FIELD OFFICE DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by Immigration and Customs Enforcement ("ICE"). He requests that "the Court Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing were individual factors are considered the can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Courts and the Ninth Circuit." (Dkt. No. 5 at 2.) For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this action be DISMISSED with prejudice.

## II.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador who entered the United States without inspection by an immigration officer on or about September 10, 1993, at or near San Ysidro, California.  (Administrative Record ("AR") L579.)  On May 2, 2000, petitioner was convicted of Felony Assault in the Second Degree Domestic Violence and Misdemeanor Assault in the Fourth Degree Domestic Violence, and was sentenced to 9 months incarceration for the felony conviction, and 3 months incarceration for the misdemeanor conviction.  (AR L569-76.)  On June 22, 2010, petitioner was convicted of Felony Assault in the Second Degree Domestic Violence and Felony Harassment Domestic Violence, and was sentenced to 18 months incarceration on the first count, and 12 months incarceration on the second count to run concurrently.  (AR R95-96, L517-24.)

On May 6, 2011, petitioner was taken into immigration custody and detained without bond.  (AR L28-29.)  The Department of Homeland Security ("DHS") issued a Notice to Appear charging petitioner as removable from the United States as an alien present in the United States without admission or parole, and as an alien who has been convicted of a crime involving moral turpitude.  (AR L38-40.)

On March 14, 2012, an Immigration Judge denied petitioner's applications for asylum, withholding of removal, and for protection under the Convention Against Torture ("CAT"), and ordered him removed to El Salvador on the charges contained in the Notice to Appear.  (AR L250-66.)  Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on June 20, 2012.  (AR L603-04.)  On July 6, 2012, petitioner filed a petition for review and motion for stay of removal with the Ninth Circuit

1 Court of Appeals.  (AR R283-84.)  Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), a
2 temporary stay of removal automatically issued.  On October 18, 2012, however, the Ninth
3 Circuit denied petitioner's request for stay of removal.   Petitioner's petition for review remains
4 pending in the Ninth Circuit.  *See Nicia v. Holder*, No. 12-72156 (9th Cir. July 6, 2012).

5       On May 18, 2011, petitioner filed a request for a bond redetermination hearing and
6 submitted evidence in support of his request for bond, including documents showing that he
7 was challenging his convictions and sentences on appeal, letters of recommendation, and letters
8 from his wife and children.  (AR L41-56.)  On July 8, 2011, the Immigration Judge issued an
9 order denying petitioner's request for bond.   (AR L57.)

10       On August 3, 2012, petitioner filed another request for a bond redetermination hearing
11 and submitted the same evidence that he had submitted in May 2011.   (AR L645-54, L683-92.)
12 On September 5, 2012, the Immigration Judge held a bond hearing.   The Immigration Judge
13 denied petitioner's request for release on bond finding that he was a danger to the community
14 and a flight risk.   (AR L693.)

15       On January 28, 2013 petitioner filed another request for bond redetermination hearing
16 and submitted numerous documents in support of his request for bond.   (AR R769-829.)

17       On February 4, 2013, petitioner filed the instant habeas petition, challenging the
18 lawfulness of his continued detention.  (Dkt. No. 5.)   On March 7, 2013, respondent filed a
19 return and motion to dismiss.   (Dkt. No. 9.)   Petitioner did not file a response.

20       III.   DISCUSSION

21       Title 8 U.S.C. § 1231(a)(1)(A) states that "[e]xcept as otherwise provided in this
22 section, when an alien is ordered removed, the Attorney General shall remove the alien from the

United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A).  During the removal period, continued detention is required.  8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  Under § 1231(a)(6), the Attorney General may detain an alien beyond the 90-day removal period.  8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court considered whether the post-removal-period statute, 8 U.S.C. § 1231(a)(6), authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682.  The petitioners in *Zadvydas* could not be removed because no country would accept them.  Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91.  The Supreme Court held that § 1231(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697.  The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701.  After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id*. at 701.

In this case, the Ninth Circuit denied petitioner's motion for stay of removal on October 18, 2012. *See Nicia v. Holder*, No. 12-72156 (Dkt. 9).  As a result, the removal period began

to run on that date.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii).  Accordingly, the 90-day removal period expired on or about January 18, 2013, and the six-month presumptively reasonable period expired on or about April 18, 2013.  Consequently, petitioner has been in post-removal-period detention for a period exceeding six months, and his detention is no longer presumptively reasonable.

The Court must, therefore, determine whether petitioner has shown that "there is no significant likelihood of removal in the reasonably foreseeable future," and if so, whether the government has responded with "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  Petitioner has provided no evidence showing that his removal is not reasonably foreseeable.  The mere fact that more than six months has passed does not satisfy petitioner's burden.  *Zadvydas*, 533 U.S. at 701 ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.").  Based on the record, there is no reason to believe at this time that respondent will not be able to remove petitioner to El Salvador in the reasonably foreseeable future.  The Court finds petitioner has failed to satisfy his burden of showing that there is no significant likelihood of his removal in the reasonably foreseeable future.

However, as this Court has previously determined, "[t]his conclusion does not end the analysis."  *Lun v. INS*, Case No. C02-0937L (W.D. Wash. Dec. 4, 2002).  Rather, the Court must also ask whether the continued detention comports with the basic purposes of the statute, "'namely, assuring the alien's presence at the moment of removal and protecting the

community.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699). "Thus, even where removal is reasonably foreseeable, the habeas court should consider the alien's flight risk and the risk he poses to the community to determine whether confinement during the reasonable removal period is justified." *Id.* (citing *Zadvydas*, 533 U.S. at 700). The *Lun* court found that the purposes of § 1231 are not furthered and release is required where ICE "does not argue, and apparently has never found, that petitioner is likely to abscond or is a danger to the community." *Id*.

Here, the record shows petitioner was provided with a bond hearing before an Immigration Judge who determined that the government proved by clear and convincing evidence that petitioner is flight risk and a danger to society. Because petitioner's removal is reasonably foreseeable, the government's determination that petitioner is a flight risk and a danger to the community justifies his continued detention.

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of April, 2013.

Mary Alice Theiler
United States Magistrate Judge